UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-21091-CIV- KING/BANDSTRA

TYSON OVERMAN,

    Plaintiff,

v.

IMICO BRICKELL, LLC, *et. al.*,

    Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant Imico Brickell, LLC's Motion for Award of Attorneys' Fees (D.E. 12) filed on August 27, 2008. This motion was referred to the undersigned by the Honorable James Lawrence King for a Report and Recommendation pursuant to 28 U.S.C. §636(b). Having carefully considered the motion, the response and reply thereto, the court file and applicable law, the undersigned recommends that Defendant's motion be GRANTED in the amount of $4,990.75 as reasonable attorneys' fees incurred in this litigation.

## ANALYSIS

Plaintiff, Tyson Overman, filed his complaint on April 18, 2008. Four of the twelve counts of the complaint alleged violations of the Interstate Land Sale Full Disclosure Act, 15 U.S.C. § § 1701 *et.seq.* ("ILSA"), and sought rescission of a preconstruction condominium purchase and sale agreement on those grounds. On July 28, 2008, this Court entered a Final Order of Dismissal dismissing the ILSA counts finding that these counts were time-barred. Further, the Court declined to exercise jurisdiction over the remaining claims which raised issues of state law.

On August 27, 2008, defendant, as the prevailing party, filed the instant motion for award of attorneys' fees pursuant to 15 U.S.C. §1709.[1]  Additionally, the express terms of the condominium purchase and sale agreement contained a prevailing party attorneys' fee provision which stated at Paragraph 12 that "[i]n any suit or other proceeding brought by either Buyer or Seller, the prevailing party will be entitled to recover reasonable attorneys' fees, reasonable costs and expenses actually incurred by the prevailing party in such suit or proceeding." Plaintiff argues that defendant is not the prevailing party since plaintiff's complaint was dismissed without prejudice. Defendant argues that it is the prevailing party, and pursuant to the clear language of the contract entered into between the parties, it is entitled to an award of its attorneys' fees.

## FINDINGS AND RECOMMENDATION

Generally speaking, each party to a lawsuit bears its own attorneys' fees absent a statutory provision or a contractual provision authorizing the award of same. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612 (1975). In this case, as stated above, the parties contracted and agreed to a prevailing party fee provision. Under Florida law which

---

[1] In its reply brief, defendant acknowledges that this Court in *Kamel v. Kenco/The Oaks at Boca Raton, LP,* Slip Opinion, 2008 WL 3471594 (S.D. Fla. 2008), declined to read a prevailing party attorneys' fee provision into 15 U.S.C. §1709. Defendant, in the instant case, thereafter directed its argument in support of recovery of attorneys' fees solely to the contractual provision at issue in this case. This Court likewise agrees that the plain statutory language of 15 U.S.C. §1709 does not provide for the recovery of attorneys' fees to a "prevailing party" rather the statute states that the court may allow an individual who brings an action under ILSA to recover attorneys' fees. Had Congress intended to award attorneys' fees to a "prevailing party," Congress would have done so. Accordingly, the undersigned addresses the question of entitlement to attorneys' fees solely as it relates to the contractual provision in the instant action.

2

governs the interpretation of this contract[2], attorneys' fees may be awarded to a prevailing party pursuant to a contractual agreement authorizing same. *Price v. Tyler,* 890 So. 2d 246, 250 (Fla. 2004). The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees in that such provisions are mandatory. *Lashkajani v. Lashkajani,* 911 So. 2d 1154, 1158 (Fla. 2005). A party is deemed a "prevailing party" if that party succeeds on "any significant issue" in the litigation which "achieves some of the benefit the parties sought." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). Further, a party need not succeed on the merits to be considered a "prevailing party." Instead, dismissal of a plaintiff's action on jurisdictional grounds is sufficient to entitle a defendant to "prevailing party" status. *Arango v. United Automobile Ins. Co.,* 901 So. 2d 320, 321-22 (Fla. 3d DCA 2005).

In the instant case, the Court dismissed four of plaintiff's counts as time-barred. The fact that the remaining state law claims were dismissed without prejudice on jurisdictional grounds does not negate defendant's status as the prevailing party in this action. Defendant clearly prevailed on a significant issue in the case, that being the unavailability of relief under ILSA due to the applicable statute of limitations. As such, since the defendant was the prevailing party in this case, and pursuant to the clear and unambiguous terms of the contract between the parties, defendant is entitled to its attorneys' fees. Defendant's counsel spent 18.1 hours at a rate of $275 dollars per hour litigating this action. As such, defendant's request an award of $4,977.50. Having carefully reviewed the hourly rate and the hours expended, the undersigned finds the requested attorneys' fee is reasonable. Thus, the undersigned recommends that Defendant Imico

---

[2] See Paragraph 24 of the contract for purchase and sale which expressly states that the agreement will be governed by the laws of the State of Florida.

Brickell, LLC's Motion for Award of Attorneys' Fees (D.E. 12) filed on August 27, 2008 be GRANTED in the amount of $4,990.75.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this ___ day of November 2008.

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All Counsel of Record