UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21091-CIV-KING

TYSON OVERMAN,

    Plaintiff,

v.

IMICO BRICKELL, LLC, and
ROYAL TITLE & ESCROW COMPANY, INC.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

THIS CAUSE comes before the Court upon the November 6, 2008 Report and Recommendation ("R&R") of Magistrate Judge Ted E. Bandstra (D.E. #17), recommending that the Defendant Imico Brickell, LLC's ("Imico") request for attorneys' fees and costs in the amount of $4,990.75[1] be granted because (1) Imico qualifies as a prevailing party under the terms of the Purchase Agreement and (2) this particular figure constitutes a reasonable amount of attorneys' fees and costs. On

---

[1] The undersigned recognizes that there is an apparent discrepancy concerning the amount of attorney fees that are requested by the Defendant Imico. In the Defendant's Motion for Award of Attorneys' Fees (D.E. #12) filed August 27, 2008, Imico requests $4,990.75. *See* D.E. #12, ¶ 4. However, in the Notice of Filing Fee Declaration in Support of Motion for Award of Attorneys' Fees (D.E. #16) filed October 24, 2008, Imico requests $4,977.50 based upon the 18.1 hours expended at a rate of $275.00 per hour. *See* D.E. #16, ¶ 5. The difference of $13.25 represents the photocopying and postage expense associated with the 18.1 hours billed. *See id.* at Exhibit 1. Thus, the undersigned concludes that $4,990.75 is the true amount of attorney fees <u>and</u> costs incurred in this case.

November 24, 2008, the Plaintiff filed Objections to the Report & Recommendation on Defendant's Motion for Award of Attorneys' Fees (D.E. #18).

After a thorough review of the record and the Plaintiff's Objections, the undersigned concludes that the R&R contains well-reasoned recommendations. First, Imico does qualify as a prevailing party under the terms of the Purchase Agreement. This Agreement expressly provides, *inter alia*, that (1) it is governed by Florida state law and (2) "[i]n any suit or other proceeding brought by either Buyer or Seller, the <u>prevailing party</u> will be entitled to recover reasonable attorneys' fees, reasonable costs and expenses actually incurred by the prevailing party in such suit or proceeding." Purchase Agreement, ¶¶ 12, 24 (emphasis added). Under Florida law, a defendant may qualify as a prevailing party when the plaintiff's action is dismissed on jurisdictional grounds. *See The Home Ins. Co. v. Drescher*, 220 So. 2d 902, 903-904 (Fla. 1969) (granting attorney's fees notwithstanding the determination that jurisdiction of the entire action was improper because the writ was improvidently granted). Here, the undersigned dismissed the entire action because (1) the federal claims were barred by the applicable statute of limitations and (2) it would have been improper for this Court to exercise supplemental jurisdiction over the remaining state-law claims that would have otherwise predominated over the time-barred federal claims. *See* D.E. #11. Thus, Imico clearly prevailed on a significant issue in this

action. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (" '[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978))). In his Objections, Plaintiff asserts that, due to the fact that the undersigned dismissed the case without prejudice and the state law claims are now pending in state court, Imico is not a prevailing party. In support of this assertion, the Plaintiff relies upon inapposite case law. In both *Arango v. Cainas*, 666 So. 2d 970 (Fla. 3d DCA 1996), and *Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc.*, 253 So. 2d 900 (Fla. 3d DCA 1971), these respective actions were not disposed of completely, but instead, there were individual claims that remained pending. In contrast, all of Plaintiff's claims in the instant action have been dismissed. The fact that the state-law claims were dismissed without prejudice is irrelevant to this matter. In sum, Imico qualifies as a prevailing party under the terms of the Purchase Agreement.

Next, the Plaintiff asserts that the number of hours billed by Imico's counsel is unreasonable. Specifically, the Plaintiff asserts that Imico's counsel billed "over three hours to read a Response to a Motion to Dissolve Lis Pendens" and such "borders on a dilatory pace." D.E. #18, ¶ 5. The undersigned disagrees. The Plaintiff has misstated that which was billed. Instead, Imico's counsel billed 3.2 hours for his

(1) "[r]eview of Resposne [(sic)] to Motion to Dissolve Lis Pendens" <u>and</u> (2) "drafting and editing of Reply Memorandum in Further Support of Motion to Dissolve." D.E. #16, Exhibit 1. The undersigned concludes that it was reasonable for Imico's counsel to bill 3.2 hours for <u>both</u> of these tasks. Furthermore, the undersigned has reviewed the other 14.9 hours billed by Imico's counsel (for which the Plaintiff offers no specific objection) and concludes that these hours are also reasonable for their respective tasks.

Accordingly, the Court being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ted E. Bandstra's November 6, 2008 R&R (**D.E. #17**) be, and the same is hereby **AFFIRMED and ADOPTED**. The Defendant Imico's Motion for Award of Attorneys' Fees (**D.E. #12**) is hereby **GRANTED in the amount of $4,990.75**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of January, 2009.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **Magistrate Judge Ted. E. Bandstra**

### *Counsel for Plaintiff*

**Zandro E. Palma**
Zandro E. Palma, P.A.
3100 South Dixie Highway
Suite 202
Miami, FL 33133
305-446-1500


### *Counsel for Defendants*

**Bernard Lewis Egozi**
Egozi & Bennett PA
2999 NE 191st Street
Suite 407
Aventura, FL 33180
305-931-3000